IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL REBOSKY, )
 )
      Plaintiff, )
 )
  -vs- )   Civil Action No.  13-623
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

## I.   BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed applications for benefits on September 21, 2010, alleging he had been disabled since May 1, 2006. (ECF Nos. 6-5, pp. 10, 14). Administrative Law Judge ("ALJ"), Barbara Artuso, held a hearing on October 21, 2011. (ECF No. 6-2, pp. 26-53). On January 27, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 11-23). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **RESIDUAL FUNCTIONAL CAPACITY ("RFC")**[1]

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 8, pp. 15-18). More specifically, Plaintiff first argues that the ALJ erred in ignoring the findings and conclusions about Plaintiff's inability to perform essential job functions provided by Dr. Lindsey Groves, an examining psychological consultant. *Id.* at p. 15. Acknowledging that the ALJ did discuss portions of Dr. Groves' opinions, Plaintiff submits that the ALJ failed to

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The final responsibility for determining a claimant's RFC is reserved to the Commissioner, who will not give any special significance to the source of another opinion on this issue. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2).

3

discuss whether she accepted, rejected or contradicted Dr. Groves' opinion that Plaintiff had the poor ability to follow work rules, to relate to co-workers, to use judgment, to interact with supervisors and to deal with work stressors. *Id.* After a review of the record, I agree.

An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Id., quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination. *Id.* If evidence is not pertinent, relevant nor probative, however, an ALJ need not discuss it. *Johnson v. Comm'er of SS,* 529 F.3d 198, 204 (3d Cir. 2008). Additionally, an ALJ may reject relevant evidence without explanation when there is overwhelming contrary evidence in the record, thereby rendering the unexplained evidence irrelevant. *Id.*

In this case, Dr. Groves' opinions were neither lacking in probative value nor overwhelmed by countervailing evidence. (ECF No. 6-13, pp. 57-67). At the time of the ALJ's decision, Dr. Groves' examination report was the most recent assessment of Plaintiff's mental limitations supplied by an examining source. *Id.* Dr. Groves indicated that Plaintiff had poor and/or no ability to follow numerous essential job functions and that Plaintiff had fair ability (defined as "seriously limited but not precluded") to perform in several other essential jobs functions. (ECF No. 6-13, pp. 64-66). Further, Dr. Groves stated that Plaintiff is "[s]ignificantly unable to get along with others. Had abusive childhood with early onset of drug abuse, behavioral issues, and mood disorder. Very low functioning." *Id.* at 65. She also stated that Plaintiff has "severe and chronic mental illness compounded by numerous head injuries and substance abuse." *Id.* at 66.

Perhaps in an effort to reject this, although I am not sure, the ALJ states that "claimant's treating mental health providers have reported generally unremarkable mental status

4

examinations, and have assessed the claimant with GAF[2] scores of 60 and 70.  (Exhibits 9F and 15F)."  (ECF No. 6-2, p. 20).  Exhibit 15F indicates on October 12, 2010, that Plaintiff's GAF score is 70.  However, on October 11, 2010, Plaintiff was assigned a GAF of 55 from the same medical source.  (ECF No. 6-12, pp. 28, 37).  Exhibit 9F indicates that on July 16, 2009, Plaintiff had a GAF of 60 (along with problems related to the social environment and occupational problems).  (ECF No. 6-11, p. 36).  GAF scores of 51-60 indicate moderate symptoms and difficulty in social, occupational, or school functioning.  (ECF No. 6-12, p. 28).  Based on the same, I am unsure if the use of this information is a rejection of Dr. Groves' opinion which is consistent with GAF scores of 60 or below.  In fact, as the ALJ points out, Dr. Groves assessed Plaintiff on October 3, 2011, as having a GAF of 48.  (ECF No. 6-13, p. 60).  The ALJ does not explain how she reconciles this information. Thus, I am unable to tell if the ALJ forgot to include these limitations or if she rejected portions of Dr. Groves' opinion, which she is entitled to do, but then she must explain her reasoning for doing so, which she did not do.  The failure to do the same prohibits me from conducting a proper and meaningful review.  Therefore, I find that the ALJ has erred in this regard and remand is required for clarification.

Plaintiff also argues that the ALJ erred in in failing to submit Plaintiff's mental limitations in social functioning and in concentration, persistence or pace to the vocational expert.  (ECF No. 8, p. 16). An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments.  *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987).   Since I have found that remand is warranted as set forth above, remand is similarly warranted on this basis as well.

---

[2] A GAF score is used to report an individual's overall level of functioning with respect to psychological, social, and occupational functioning. The GAF scale ranges from the lowest score of 1 to 100, the highest score possible. The GAF score considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, ("DSM–IV TR") 34 (4th ed. 2000).

Plaintiff additionally argues that the ALJ mischaracterized Dr. Jabbour's functional capacity limitations as "largely normal" when Dr. Jabbour concluded that Plaintiff could only frequently lift and carry 2-3 pounds and occasionally lift and carry ten pounds, standing and walking was limited to one hour or less and sitting was limited to less than 8 hours. (ECF No. 8, p. 16). After discussing Dr. Jabbour's November 2010 report, the ALJ concluded that "the overwhelming evidence of largely normal findings on examination discussed herein supports finding that the claimant has the ability to perform work-related activities within the residual functional capacity established herein."[3] (ECF No. 6-2, p. 18). Based on my review of the record, I find the ALJ has not mischaracterized Dr. Jabbour's report. (ECF No. 6-12, pp. 38-55). Dr. Jabbour's report of his physical examination of Plaintiff states that Plaintiff's physical functional ability was essentially within normal limits. *Id.* at 50-55. Yet, Dr. Jabbour then fills out a checked box form that indicates much more severely restricted work-related physical activities. *Id.* at 46-47. Thus, Dr. Jabbour's records are internally inconsistent. (ECF No. 6-12, pp. 38-55). The ALJ is entitled to reject information that is internally inconsistent and unsupported. I find the ALJ's conclusion regarding Dr. Jabbour's medical report of November 2010 is supported by substantial evidence of record. (ECF No. 6-12, pp. 38-45, 50-55). Thus, I find no error in this regard on the part of the ALJ.

Finally, Plaintiff suggests that the ALJ erred in failing to submit to the vocational expert his functional limitations as a result of his chronic obstructive pulmonary disease ("COPD") and obstructive sleep apnea. (ECF No. 8, pp. 16-17). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v.*

---

[3] The ALJ found the Plaintiff to have the RFC to perform light work except "that he must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation; is limited to jobs requiring understanding, remembering, and carrying out only simple, instructions and making only simple work-related decisions; and must avoid interaction with the general public and co-workers and is limited to only occasional interaction with supervisors." (ECF No. 6-2, pp. 16-17).

*Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987); *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986) (an ALJ may reject hypothetical questions by Plaintiff's attorney that are more restrictive than his own). Simply because a claimant has impairment does not mean that the claimant's ability to work is limited by that impairment. Here, there is substantial evidence indicating that neither Plaintiff's COPD nor his sleep apnea functionally limits his ability to work other than that taken into account by the ALJ.[4] (ECF No. 6-7, pp. 24-25; ECF No. 6-12, p. 53). Thus, I find no error by the ALJ in this regard.

An appropriate order shall follow.

---

[4] The ALJ found the Plaintiff to have the RFC to perform light work except "that he must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation; is limited to jobs requiring understanding, remembering, and carrying out only simple, instructions and making only simple work-related decisions; and must avoid interaction with the general public and co-workers and is limited to only occasional interaction with supervisors." (ECF No. 6-2, pp. 16-17).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL REBOSKY, )
 )
        Plaintiff, )
 )
  -vs- ) Civil Action No.   13-623
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 24th day of February, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                                  BY THE COURT:

                                  s/   Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge